IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD S. WILLIAMS and DONNA WILLIAMS, *husband and wife*,<br>            Plaintiffs,<br>    v.<br>CITY OF JOHNSTOWN,<br>            Defendant. | CIVIL ACTION NO. 3:15-144<br><br>JUDGE KIM R. GIBSON |

**Memorandum Opinion and Order**

### I.    Introduction

This case arises from the condemnation of two rental homes owned by Plaintiffs. Presently before this Court is a motion to dismiss by Defendant City of Johnstown. (ECF No. 2.) For the reasons that follow, the Court will **GRANT** Defendant's motion to dismiss the Complaint.

### II.    Jurisdiction and Venue

The Court has jurisdiction over Plaintiff's federal-law claims pursuant to 28 U.S.C. §§ 1331 and 1343. The Court exercises supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

### III.    Background

Plaintiffs initiated the instant action by filing an eight-count complaint in the Court of Common Pleas of Cambria County, Pennsylvania, on April 17, 2015. (ECF No. 1-1.) Defendant timely removed the action to this Court on May 19, 2015. (ECF No. 1.) Plaintiffs allege the

1

following facts in the complaint, which the Court accepts as true for the sole purpose of deciding the pending motion.

Plaintiffs, husband and wife, own two rental homes located at 709 Sherman Street and at 709 ½ Sherman Street, in Johnstown, Pennsylvania. (ECF No. 1-1 ¶¶ 1-3.) The two rental homes are not attached to one another. (*Id*. ¶ 9.) Plaintiffs received rental income for these two homes, and kept the homes in good condition. (*Id*. ¶¶ 19, 25.)

On or about March 4, 2014, the City of Johnstown's Bureau of Code Enforcement Inspector, Mr. Leroy Palov, Code Enforcement Officer, went to the rental units at 709 Sherman Street and 709 ½ Sherman Street. (*Id*. ¶ 8.) The stated reason for his visit was that the porch roof on one of the units had fallen. (*Id*.) During this visit, the Code Enforcement Officer placed condemnation signs on both the 709 Sherman Street and the 709 ½ Sherman Street rental units. (*Id*. ¶ 4.) After having been told that the Code Enforcement Officer smelled gas, the renters at 709 Sherman Street and at 709 ½ Sherman Street were ordered to leave the homes. (*Id*. ¶¶ 5, 7.) The Code Enforcement Officer also contacted the water, gas, electric, and other utility companies and demanded that those utilities be shut off. (*Id*. ¶ 6.)

Plaintiffs did not receive a notice of violations of either rental home prior to the condemnation. (*Id*. ¶ 13.) Plaintiffs received notice of the reasons for the condemnation on August 6, 2014, from the City of Johnstown Code Enforcement Officer. (*Id*.) Plaintiffs have not been compensated for the condemnation of the homes. (*Id*. ¶ 12.)

Since the date on which the rental homes were vacated and condemned, the pipes have burst due to lack of heat, and trespassers have caused damage to the homes. (*Id*. ¶ 14.) Damage to the 709 ½ Street unit is so severe that Plaintiffs may be required to build a new home in its

2

place. (*Id.* ¶ 16.) Defendant has prevented Plaintiffs from fixing the damage at the homes. (*Id.* ¶ 15.)

In Counts I and II of the complaint, Plaintiffs assert claims for unlawful takings in violation of the United States and Pennsylvania Constitutions. (*Id.* ¶¶ 17-27.) In support thereof, Plaintiffs allege that they own the rental homes at 709 Sherman Street and at 709 ½ Sherman Street. (*Id.* ¶¶ 18, 24.) Plaintiffs aver that they received rental income for these homes and kept them in good condition. (*Id.* ¶¶ 19, 25.) Plaintiffs allege that Defendant condemned the homes, ordered all residents to leave, ordered all utilities to be shut down, and did so without giving Plaintiffs proper notice, compensation, or opportunity to be heard. (*Id.* ¶¶ 20, 26.) Plaintiffs therefore assert that Defendant's actions constitute an unconstitutional taking of Plaintiffs' property without just compensation, in violation of the United States and Pennsylvania Constitutions. (*Id.* ¶¶ 21-22, 27.)

In Counts III and VIII of the complaint, Plaintiffs assert claims for invasion of privacy. (*Id.* ¶¶ 28-33, 61-65.) In support thereof, Plaintiffs aver that the Code Inspector for the City of Johnstown, with the aid of the Johnstown City Police, entered the homes at 709 and 709 ½ Sherman Street without a warrant, without notice to Plaintiffs, without permission or license, and with force, on or about March 4, 2014. (*Id.* ¶¶ 29-30, 62-65.) Plaintiffs assert that because the Inspector entered the homes without following the ordinances and regulations that govern such inspections, Defendant has violated the Constitutional rights of privacy in the home. (*Id.* ¶¶ 31-33, 65.)

In Count IV of the complaint, Plaintiffs assert that Defendant violated their due process rights under the 14th Amendment of the United States Constitution. (*Id.* ¶¶ 34-38.) In support

3

thereof, Plaintiffs aver that they have a right to a hearing when a life, liberty, or property interest is at stake. (*Id.* ¶ 35.) Plaintiffs assert that in this case, they were never given a hearing or the ability to be heard after the condemnation of their homes on or about March 14, 2014, which implicates a property interest. (*Id.* ¶¶ 36-37.) Plaintiffs state that they have therefore been deprived of their constitutional due process right under the 14th Amendment. (*Id.* ¶ 38.)

In Count V of the complaint, Plaintiffs assert a claim for negligent inspection. (*Id.* ¶¶ 39-50.) In support thereof, Plaintiffs aver that Defendants Code Enforcement Officers inspected the properties at 709 and 709 ½ Sherman Street on or about March 4, 2014, for the purpose of inspecting a reportedly collapsed roof, but Plaintiffs state that the porch roof had not collapsed. (*Id.* ¶¶ 40-42.) Plaintiffs allege that the Inspector stated that there was a gas leak, and shut off the utilities at the properties and placed condemnation signs on the homes. (*Id.* ¶ 43.) Plaintiffs allege that on or about August 26, 2014, they received a letter from Defendant stating that the reason for the condemnation was the need for flooring repairs, ceiling repairs, electrical issues, and smoke detector and fire extinguisher issues, along with mentions about the cabinets and sinks. (*Id.* ¶ 45.) Plaintiffs state that this letter did not mention gas leaks. (*Id.* ¶ 46.) Plaintiffs assert that Defendant had a duty to inform Plaintiffs of the violations and to provide Plaintiffs with time to remedy any such violations, but that Defendant failed to provide notice or an opportunity for Plaintiffs to remedy any issues. (*Id.* ¶¶ 47-48.) Plaintiffs aver that they suffered damages, loss of income, and property damage to the homes as a result of the utilities having been shut off. (*Id.* ¶¶ 49-50.)

In Count VI of the complaint, Plaintiffs assert a claim for conversion. (*Id.* ¶¶ 51-55.) Plaintiffs allege that the condemnation of the homes at 709 and 709 ½ Sherman Street, without

notification or an opportunity for Plaintiffs to remedy any violations, resulted in damages to both properties. (*Id.* ¶¶ 52-53.) Plaintiffs aver that the damages resulting from Defendant's actions have rendered the properties unusable to Plaintiffs and unable to be repaired. (*Id.* ¶ 51.) Therefore, Plaintiffs assert that Defendant has deprived Plaintiffs of the use of their properties and has committed conversion. (*Id.* ¶ 52.)

In Count VII of the complaint, Plaintiffs assert a claim for trespass. (*Id.* ¶¶ 56-60.) In support thereof, Plaintiffs aver that the Inspector entered the property located at 709 and 709 ½ Sherman Street without a license, warning to Plaintiffs, or permission. (*Id.* ¶¶ 58-59.) Plaintiffs allege that such actions constitute a trespass. (*Id.* ¶ 60.)

On May 27, 2015, Defendant filed a motion to dismiss and a brief in support of the motion. (ECF Nos. 2, 3.) Plaintiffs filed a response to the motion to dismiss on August 10, 2015. (ECF No. 9.) The parties have fully briefed the Court on the pending motion, and the matter is now ripe for adjudication.

**IV. Applicable law**

Defendant filed a motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See id*. at 210. Second, the court must determine whether the factual matters averred are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "'detailed factual allegations.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id*. at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action…do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sheridan v. NGK Metals Corp*. 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has pleaded a "plausible claim for relief is a "context-specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral to or explicitly relied upon in the complaint." *U.S. Express Lines, Ltd. V. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff

seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

V.  **Discussion**

Defendant argues that Plaintiffs' complaint is insufficient because it fails to state a claim upon which relief can be granted. ([ECF Nos. 2](), [3]().) Defendant argues that Plaintiffs' claims for Fifth Amendment unlawful takings and for violation of procedural due process fail because Plaintiffs failed to avail themselves of the procedure provided under state law for seeking compensation in the event of a legal or *de facto* condemnation. ([ECF No. 2 ¶¶ 4, 7]().) Defendant argues that Plaintiffs' claims for violations of the Pennsylvania Constitution similarly fail because Plaintiffs did not avail themselves of the remedies afforded under Pennsylvania's Eminent Domain Code, and because there is no private cause of action for monetary damages for violations of Pennsylvania constitutional rights. ([*Id.* ¶ 5]().) Defendant argues that Plaintiffs' state-law claims for negligent inspection, trespass, conversion, and invasion of privacy also fail because the City is immune from such claims. ([*Id.* ¶¶ 8, 9]().) Accordingly, Defendant argues that Plaintiffs' complaint must be dismissed in its entirety, with prejudice.

A. **Plaintiffs' Federal Claims for Unlawful Takings in Violation of the United States and Pennsylvania Constitutions**

Defendant states that Counts I and II of Plaintiffs' complaint must fail. Defendant argues that Plaintiffs' claims for unlawful takings under the Fifth Amendment, as incorporated to the states by the 14th Amendment, are insufficient because the Pennsylvania Eminent Domain Code provides procedures through which a land-owner may seek just compensation for the taking of property. ([ECF No. 2 ¶¶ 3-4](); [ECF No. 3 at 5-6]().) Defendant argues that because Plaintiffs failed to allege that they availed themselves of this procedure or that they were denied

7

just compensation through this procedure, their Fifth Amendment claims must be dismissed. (ECF No. 2 ¶ 4; ECF No. 3 at 5-6.) Similarly, Defendant states that Plaintiffs' claims for violations of the Pennsylvania Constitution must fail because Plaintiffs did not avail themselves of the remedies afforded under Pennsylvania's Eminent Domain Code. (ECF No. 2 ¶ 5; ECF No. 3 at 6-7.) Moreover, Defendant argues that Plaintiffs' claims for violations of the Pennsylvania Constitution must fail because there is no private cause of action for monetary damages for violations of Pennsylvania constitutional rights. (ECF No. 2 ¶ 5; ECF No. 3 at 7.) The Court agrees with Defendant, and will dismiss Counts I and II of Plaintiffs' complaint.

The Fifth Amendment, applicable to the states through the Fourteenth Amendment, proscribes the taking of private property for public use without just compensation. U.S. Const. amends. V, XIV. Compensation need not be paid in advance of the taking; rather, "all that is required is that a reasonable, certain and adequate provision for obtaining compensation exist at the time of the taking." *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985) (quotations omitted). Accordingly, the Supreme Court has recognized that "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the [Takings] Clause until it has used the procedure and been denied just compensation." *Id*. at 195.

Pennsylvania provides inverse condemnation procedures in its Eminent Domain Code. *See* 26 Pa. C.S.A. § 101 *et seq*. The provisions of Pennsylvania's Eminent Domain Code provide that a condemnee is entitled to just compensation when his property has been taken, injured, or destroyed. *See* 26 Pa. C.S.A. § 701. The Code also provides a procedure by which a property owner may pursue relief for the taking of his property. *See* Pa. C.S.A. § 502. Through this

8

procedure, a landowner may request the appointment of viewers to declare that a taking has occurred and to ascertain just compensation. *See* 26 Pa. C.S.A. § 502(c).

Here, Plaintiffs do not allege that they pursued their takings claims using the procedure provided under Pennsylvania law. Nor do they allege that they were denied just compensation through that procedure. Plaintiffs' complaint therefore fails to state a claim for an unlawful taking under the United States Constitution. Because the claims for violations of the United States Constitution set forth in Counts I and II of the complaint are not ripe for review by this Court, they will be dismissed without prejudice to Plaintiffs' ability to refile the claims if and when they can allege that they have availed themselves of the procedures provided under Pennsylvania law and have been denied just compensation thereunder. *See Chainey v. St.*, 523 F.3d 200, 222 (3d Cir. 2008) (upholding District Court reversal of jury verdict and holding that takings claim was not yet ripe to be heard in federal court because "Pennsylvania provides adequate process for plaintiffs to obtain just compensation" under its Eminent Domain Code.); *Gelnett v. Township of Chapman*, 2015 WL 7454757, at *3 (M.D. Pa. Nov. 24, 2015) (dismissing takings claim as not ripe for review when Plaintiffs failed to plead any facts indicating that they had exhausted the procedure under the law of the Commonwealth of Pennsylvania); *Baranowski v. Borough of Palmyra*, 868 F.Supp. 86, 88 (M.D. Pa. 1994) (dismissing Plaintiffs' takings claims and refusing to allow Plaintiffs to amend complaint to include a state law takings claim because Plaintiffs had not used the state procedure under the Pennsylvania Eminent Domain Code, and had therefore not been denied just compensation by the state, which precluded the federal court from deciding any illegal takings claims).

Article I, Section 10 of the Pennsylvania Constitution states that private property shall not "be taken or applied to public use, without authority of law and without just compensation being first made or secured." PA. CONST. art. I § 10. The Pennsylvania Eminent Domain Code expressly states that it provides "a complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages."26 Pa. C.S.A. § 102(a); *see also Ash v. Redevelopment Authority of Philadelphia*, 143 Fed.Appx. 439, 441 (3d Cir. 2005) (citing *Fulmer v. White Oak Borough*, 146 Pa. Cmwlth. 473, 606 A.2d 589, 593-94 (1992)). Moreover, federal courts regularly hold that there is no private cause of action for monetary damages for violations of Pennsylvania Constitutional rights. *See, e.g., Spell v. Allegheny Cnty. Admin.*, 2015 WL 1321695, at *4 (W.D. Pa. March 24, 2015) ("[N]o private cause of action for damages exists for violations of the Pennsylvania Constitution.") (citing *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011)); *Yunik v. Wetzel*, 2014 WL 5426198, at *8 (W.D. Pa. Oct. 22, 2014) ("no Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.") (internal quotations omitted); *Tirado v. Montgomery Cnty., Pa.*, 2013 WL 1285487, at *1-2 (E.D. Pa. March 29, 2013) (granting motion to dismiss complaint alleging a violation of the Pennsylvania Constitution because there is no private cause of action for money damages permitted under Pennsylvania law for such a violation); *Anderson v. Dauphin Cnty. Adult Probation Office*, 2016 WL 769278, at *6 (M.D. Pa. Jan. 25, 2016) (collecting cases holding that there is no private cause of action for damages under the Pennsylvania Constitution).

As discussed above, Plaintiffs have not alleged that they exhausted their remedies for the alleged takings under the procedures provided by Pennsylvania law. Moreover, even if they

had exhausted these remedies, Plaintiffs seek "compensatory, punitive and any other damages" as relief for the claims asserted at Counts I and II of the complaint. (ECF No. 1-1 at 3, 4.) Because the exclusive remedy for an alleged taking in violation of Pennsylvania law is the Eminent Domain Code, and because there is no private cause of action for money damages under the Pennsylvania Constitution, Plaintiffs fail to state a claim for violations of the Pennsylvania takings clause. Accordingly, Plaintiffs' claims for violations of the Pennsylvania state Constitution at Counts I and II will be dismissed with prejudice. *See Gerner v. Borough of Bruin*, 37 Pa.Cmwlth. 271, 273 (1978) (dismissing claim and holding that appellants could not seek alternative relief and holding that the Eminent Domain Code provides the exclusive remedy for a taking); *Gold v. Summit Tp.*, 660 A.2d 215, 217-18 (Pa. Cmwlth. 1995) (recognizing that the Pennsylvania Eminent Domain Code directs that eminent domain proceedings be governed exclusively by the Code); *Tirado*, 2013 WL 1285487, at *1-2 (granting motion to dismiss complaint alleging a violation of the Pennsylvania Constitution because there is no private cause of action for money damages permitted under Pennsylvania law for such a violation).

### B. Plaintiffs' Federal Claim for Violation of Procedural Due Process Under the Fourteenth Amendments of the United States Constitution

Defendant argues that Count IV of Plaintiffs' complaint must be dismissed. Defendant asserts that to state a claim for deprivation of procedural due process in violation of the 14th Amendment, a plaintiff must allege that he or she has taken advantage of the available processes under state law. (ECF No. 2 ¶ 7.) Here, Defendant argues, Plaintiffs failed to allege that they used the administrative appeal process available to them. (ECF No. 2 ¶ 7.) Defendant

argues that this failure to take advantage of the process available to them under the Johnstown City Code is fatal to Plaintiffs' 14th Amendment claim. ([ECF No. 2 ¶ 7](ECF No. 2 ¶ 7).)

The Fourteenth Amendment of the United States Constitution prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Fundamental to the due process right protected by the Fourteenth Amendment are notice and the opportunity to be heard. *See Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 417 (3d Cir. 2008) (citing *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). The opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." *Id*. Generally this opportunity to be heard must take place before the deprivation occurs; the Supreme Court has held, however, that under certain circumstances, a state may satisfy its due process requirements "by making available some meaningful means by which to assess the propriety of the State's action at some time after the initial taking." *Elsmere Park*, 542 F.3d at 417 (citing *Parratt v. Taylor*, 451 U.S. 527, 539 (1981)) (internal quotations omitted).

Here, there is no dispute that Plaintiffs' ownership of the 709 and 709 ½ Sherman Street properties is a property interest protected by the Fourteenth Amendment. The central question is, therefore, whether Plaintiffs' procedural due process rights in that property interest were violated. The United States Court of Appeals for the Third Circuit addressed the due process rights of a property owner in the context of the condemnation of an apartment complex in *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412 (3d Cir. 2008). In that case, the court recognized, as noted above, that generally, a hearing should be held before the government deprives a person of property. *Id*. at 417. The court noted, however, that "[w]hen there is the necessity of quick action by the State, or where providing any meaningful predeprivation

12

process would be impractical, the Government is relieved of the usual obligation to provide a predeprivation hearing." *Id*. (citing *Parratt v. Taylor*, 451 U.S. 527, 539 (1981)) (internal quotations omitted). In *Elsmere Park*, the Third Circuit determined, at the summary judgment stage, that under the circumstances in that case, a predeprivation hearing was not required and that the plaintiff had been provided with an adequate postdeprivation remedy. *Id*. at 420-23. Defendant urges this Court to adopt the same reasoning here, and to dismiss Plaintiffs' claim for a due process violation given their failure to allege that they took advantage of the postdeprivation remedies available to them.

Although the Court does not agree that it is bound to follow *Elsmere Park*'s holding and reasoning, given the distinct procedural posture of that case, the Court does agree that Plaintiffs' failure to avail themselves of the administrative remedies available to them is fatal to their procedural due process claim and will therefore dismiss Count IV of the complaint. The Third Circuit has applied the *Williamson* finality rule to procedural due process claims, meaning that a federal claim for procedural due process is not ripe for review unless and until a deprivation occurs pursuant to the procedures provided under the local or state code. *See Taylor Inv., Ltd. v. Upper Darby Township*, 983 F.2d 1285, 1291-93 (3d Cir. 1993) (collecting cases from other federal courts of appeals that also apply the *Williamson* finality rule to procedural due process claims, including the Sixth and Ninth Circuit Courts of Appeal). Plaintiffs' procedural due process claim is ancillary to their unlawful takings claims. Because the procedural due process claim arises from the same allegedly illegal taking as Counts I and II of the complaint, the *Williamson* ripeness rule applies to the procedural due process claim as well. *See id*. The Court therefore holds that Plaintiffs' procedural due process claim must be dismissed because it

13

is not ripe at this time. *See Bolick v. Northeast Indus. Services Corp.*, 2015 WL 540066, at *5-6 (M.D. Pa. Feb. 10, 2015) (dismissing Plaintiffs' takings, procedural due process, and substantive due process claims without prejudice as premature where the complaint failed to allege any facts to suggest that Plaintiffs had availed themselves of the remedies afforded under the Pennsylvania Eminent Domain Code, or any facts to demonstrate that they had been denied just compensation); *Baranowski*, 868 F.Supp. at 89-90 (dismissing substantive due process claim where the "crux" of Plaintiffs' complaint was their illegal taking claim and where the substantive due process claim was ancillary and depended entirely upon whether there was an illegal taking); *Schertel v. Rex*, 764 F.Supp. 1002, 1005 (E.D. Pa. 1991) (holding that Plaintiffs had a "complete and adequate remedy" under the Pennsylvania Eminent Domain Code, and dismissing Plaintiffs' unlawful takings claims and due process claims where Plaintiffs had failed to avail themselves of the remedies available under that Code).

### C. Plaintiffs' State-Law Claims for Invasion of Privacy, Negligent Inspection, Conversion, and Trespass

Defendant argues that Counts III, V, VI, VII, and VIII must be dismissed because the city is generally immune from tort claims under the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541, *et seq.*, and because the claims for negligent inspection, trespass, conversion, and invasion of privacy do not come within any exception to liability under the PSTCA. ([ECF No. 2 ¶¶ 8-9](#).)

The Court will dismiss Counts III, V, VI, VII, and VIII of the complaint. The Court need not address the substantive arguments raised by the parties, however, because the Court only

has jurisdiction over these state-law claims pursuant to supplemental jurisdiction.[1] Jurisdiction over supplemental state-law claims is governed by 28 U.S.C. § 1367(a), which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the Court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." *Id*. § 1367(c)(3). As to § 1367(c)(3), "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state law claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

For the reasons set forth above, Plaintiff has failed to plead any claims over which this Court has original jurisdiction. Moreover, the Court does not find that an affirmative justification for exercising jurisdiction over the state-law claims is present in this case. The Court

---

[1] With respect to Counts III and VIII, both labeled as claims for "Invasion of Privacy," the Court notes that Plaintiffs allege that Defendant violated Plaintiffs' "Constitutional Rights of privacy in the home" and "illegally search[ed] a residence without a proper search warrant and/or any search warrant." (ECF No. 1-1 ¶¶ 31, 65.) In briefing, Defendants construe these claims as state-law claims. (ECF No. 3 at 14.) The Court also construes these claims as state-law claims. Even if construed as federal claims, however, Counts III and VIII must be dismissed as they fail to state a claim for a violation of Plaintiffs' constitutional rights for the same reasons that Counts I, II, and IV fail to state a claim, discussed at Sections V.A. and B., *infra*. Specifically, Plaintiffs did not challenge the inspections and subsequent condemnation of the rental homes, the crux of which are the claims that these constituted unlawful takings, pursuant to the procedures provided under Pennsylvania state law. *See Baranowski*, 868 F.Supp. at 89-90. Moreover, to the extent Plaintiffs attempt to allege a violation of their Fourth Amendment rights in Counts III and VII, they fail to allege any essential element of those claims. These legal conclusions as to constitutional violations of their right to privacy in the home do not suffice to state a claim. *See Iqbal*, 556 U.S. at 681.

must therefore decline to exercise supplemental jurisdiction over the state-law claims, without prejudice to Plaintiffs' ability to refile those claims in state court. *See* 28 U.S.C. § 1367(d) (providing for at least a thirty-day tolling of any applicable statute of limitation to allow a plaintiff to re-file state law claims in state court).

### D. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court "should freely give leave [to amend] when justice so requires." "[A] district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Frasier v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003), *as amended* (Jan. 20, 2004) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)).

The Court finds that any attempt to amend the complaint as to the claims arising under the Pennsylvania Constitution would be futile, because, as discussed above, there exists no claim for money damages arising thereunder. *See Spell*, 2015 WL 1321695, at *4. Therefore, to the extent they allege claims for violation of the Pennsylvania Constitution, Counts I and II are dismissed with prejudice without leave to amend.

The Court finds that amendment of the claims for unlawful takings and for violation of Plaintiffs' rights to procedural due process arising under the United States Constitution would also be futile unless Plaintiffs can allege that they have availed themselves of the procedures provided under Pennsylvania law as discussed in sections V.A. and B. above. Counts I, II, and IV are therefore dismissed with leave to amend granted for Plaintiffs to amend the complaint

only to allege these facts, if present. To the extent Plaintiffs cannot allege that they have used these procedures, Counts I, II, and IV are dismissed without leave to amend.

The Court has declined to exercise supplemental jurisdiction over the remaining claims. They are dismissed without prejudice to Plaintiffs' ability to refile those claims in state court.

## VI.    Conclusion

For the reasons stated above, the Court grants Defendant's motion to dismiss. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD S. WILLIAMS and DONNA WILLIAMS, *husband and wife*, | ) ) ) | CIVIL ACTION NO. 3:15-144 |
| Plaintiffs, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| CITY OF JOHNSTOWN, | ) ) | |
| Defendant. | ) | |

### ORDER

AND NOW, this 17th day of March, 2016, upon consideration of Defendant's motion to dismiss (ECF No. 2), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that Defendant's motion is **GRANTED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE